# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CONNIE S., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-05938 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| COMMISSIONER OF | : | Magistrate Judge Elizabeth P. Deavers |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter comes before this Court on Plaintiff's Objections (ECF No. 17) to the Magistrate Judge's Report and Recommendation ("R&R") that this Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision denying benefits. Upon *de novo* review by the Court, and for the reasons set forth below, Plaintiff's Objections are hereby **OVERRULED** (ECF No. 17), Plaintiff's Motion to Remand Based on Supplemental Authority is **DENIED** (ECF No. 14), the R&R (ECF No. 16) is **ACCEPTED**, and the Commissioner's determination is **AFFIRMED**.

## I.    BACKGROUND

On July 7, 2015, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disabilities beginning on January 29, 2015. (ECF No. 16 at 2). She alleged that she experienced problems with her back, as well as "panic attacks, bipolar disorder, scoliosis in the lower spine, thyroid problems, and repeated stress fractures in her feet." (*Id.*). Plaintiff's applications were initially denied. (*Id.*). Thereafter, Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"), which was then held on December 19, 2017. (*Id.*). On April 27, 2018, the ALJ denied Plaintiff's applications, finding that Plaintiff was not

disabled within the meaning of the Social Security Act. (*Id.*). On September 3, 2019, the Appeals Council ordered the case be remanded for further proceedings. (ECF No. 9 at 2). On remand, a different ALJ issued an order on December 17, 2020, finding again that Plaintiff did not meet the definition of having a "disability" and so was not entitled to benefits. (ECF No. 16 at 3).

On January 3, 2022, Plaintiff timely filed for review, seeking reversal of the Commissioner's decision. (ECF No. 4). On April 19, 2022, Plaintiff filed a Statement of Specific Errors, first asserting that the Commissioner's decision was not supported by substantial evidence and in the alternative, seeking reversal and remand of the Commissioner's decision under 42 U.S.C. § 405(g). (ECF No. 9 at 1). The Commissioner filed a Memorandum in Opposition on June 29, 2022, asking that the ALJ decision be affirmed because it is based on substantial evidence (ECF No. 12) and the Plaintiff responded thereto on July 14, 2022. (ECF No. 13). Three weeks later, on August 9, 2022, Plaintiff filed a Motion to Remand Based on Supplemental Authority. (ECF No. 14). That motion relied primarily on an Order issued in a separate case by the Appeals Council that defined a term relevant to Plaintiff's case. (ECF No. 14, at 2–3). Plaintiff asserted that because "the ALJ . . . was not privy to this definition," remand was necessary. (*Id.* at 3).

Subsequently, on November 28, 2022, the Magistrate Judge issued a R&R recommending that this Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision. (ECF No. 16). Plaintiff filed an objection on December 12, 2022, asserting that the ALJ failed to evaluate properly both the opinions of the state agency psychologists, Drs. Jaime Lai and David Dietz, and of the mental health consultant, Dr. Steven Meyer. (ECF No. 17, at 2–6). The Commissioner filed a response to the objection on December 20, 2022, arguing that Plaintiff's filings did not present any new evidence nor rely on new case law. Therefore, this matter is ripe for review.

## II.    STANDARD OF REVIEW

Upon objection to a Magistrate Judge's R&R, a District Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).

The Court's role in this Social Security case "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). It is "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013) (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

The Commissioner's findings "are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Ealy*, 594 F.3d at 512.

## III.    LAW AND ANALYSIS

Before this Court, Plaintiff asserts two objections. First, Plaintiff argues that the Magistrate Judge erred in rejecting the testimony of state agency mental health experts without explanation. (ECF No. 17, at 2–4). Plaintiff asserts that this expert testimony was supported by substantial evidence and so improperly rejected. (*Id.*) Second, Plaintiff claims that the ALJ improperly

3

assessed the opinions of a mental health consultant, and that the Magistrate Judge then improperly accepted that assessment. (*Id.* at 5–6).

Separate and apart from Plaintiff's objections to the R&R, Plaintiff also brings a Motion to Remand Based on Supplemental Authority (ECF No. 14). In that motion, Plaintiff argues for remand based on an independent order by the Appeals Council that defined a term allegedly relevant to Plaintiff's claim. (*Id.* at 2). In the R&R, the Magistrate Judge found this argument unpersuasive. (ECF No. 16 at 23).

### A. The ALJ's Rejection of State Mental Health Expert Testimony

Plaintiff first objects (ECF No. 17 at 3) to the Magistrate Judge's finding that substantial evidence supported the ALJ's decision to reject the testimony of Drs. Jaime Lai and David Dietz. (ECF No. 16 at 19–20 (quoting A.L.J. R. at 34–35)). Plaintiff claims that the ALJ did not offer reasoning behind this decision. (ECF No. 17 at 3).

The ALJ found the opinions of Dr. Lai and Dr. Dietz "unpersuasive" for several reasons. (ECF No. 16 at 20 (quoting A.L.J. R. at 34–35)). For example, the ALJ determined that "[m]any of the limitations that [the Doctors] provided were not supported by the treatment record." (ECF No. 16 at 19, 20 (quoting A.L.J. R. at 34–35)). Specifically, the ALJ found inconsistencies between the Doctors' assertions about Plaintiff's ability to interact with others as compared to Plaintiff's own assertions on the record that she could do such activities like go to the gym or spend time with friends, thereby suggesting "some degree of ability to spend time with others." (*Id.* at 19 (quoting A.L.J. R. at 34–35)). The ALJ ultimately accepted "that Plaintiff had some issues interacting with others," but found that Plaintiff's own "admission that her medication helped [her] manage her frustration issues" weighed against that evidence. (*Id.* at 20) (citing A.L.J. R. at 22). Finally, the ALJ determined that this testimony was less persuasive because the testimony was based on a review of Plaintiff's medical records from 2015 and 2016 and so did not reference more recent

treatment. (*Id.* at 20 (citing A.L.J. R. at 34-35)). The Magistrate Judge recommended upholding these findings. (ECF No. 16 at 18).

"'The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by courts.'" *Blakely v. Comm'r Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Substantial evidence exists if "'a reasonable mind might accept [the evidence] as adequate to support a conclusion.'" *Ealy*, 594 F.3d at 512 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d at 604).

The ALJ's decision to give no weight to the testimony of Drs. Lai and Dietz is supported by substantial evidence. As summarized in the Magistrate Judge's opinion, the ALJ set out three specific reasons for finding their testimony less credible:

> [First], [t]hey were based on review of records available through 2015 and 2016 without the benefit of more recent treatment records document[ing] significant response to treatment; (2) certain opined limitations were inconsistent with Plaintiff's testimony regarding her activities; and (3) the term "superficial" was ambiguous and unclear.[1]

(ECF No. 16 at 20 (citing A.L.J. R. 34–35)). Applying the substantial evidence standard, "a reasonable mind might accept" each of these reasons independently "as adequate to support [the] conclusion" that these opinions should receive less weight. *Ealy*, 594 F.3d at 512 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d at 604). For example, by the time the second ALJ issued the December 2020 decision, the 2015 and 2016 evidence was between four and five years old. Further, as explained above, "a reasonable mind might accept" that there were inconsistencies between testimony that Plaintiff had trouble interacting with others—as Drs. Lai and Dietz

---

[1] This third reason will be discussed along with Plaintiff's Motion to Remand Based on Supplemental Authority, as the interpretation of the word "superficial" is the crux of the Plaintiff's argument in that motion. *See infra* Section III.C.

described—and Plaintiff's own testimony about her social life. At bottom, the ALJ's decision to reject this testimony does not consist of "empty conclusions," like the Plaintiff asserts. (ECF No. 17 at 4). In accordance with the substantial evidence standard, the ALJ supported the ruling with specific examples of Plaintiff's own testimony or behavior noted in the record. Plaintiff's Objection on this point is **OVERRULED**.

### B. The ALJ's Improper Evaluation of Dr. Meyer

Plaintiff also objects to the ALJ's decision to discredit the testimony of Dr. Meyer, a mental health consultant who examined Plaintiff. (ECF No. 17 at 5). The ALJ ultimately gave Dr. Meyer's opinion only "partial weight," for two reasons: (1) that "Dr. Meyer relied heavily on [Plaintiff's] self-documented symptoms"; and (2) that Plaintiff's "mental health treatment records documented her mood [as being] usually pretty good with only some irritability." (ECF No. 16 at 23–24 (quoting A.L.J. R. at 35–36)). The Magistrate Judge found this explanation sufficient. (*Id.*) On the first point, Plaintiff responds that in assessing whether a disability exists, subjective statements matter because "[t]he claimant's mental health symptoms and statements are a vital part of treatment." (ECF No. 17 at 5). To the second point, Plaintiff asserts that it is typical for mental health conditions to "wax and wane," and that while there is evidence that Plaintiff had, at times, a "less disabling" condition, there is also evidence of "severe mental health impairments." (*Id.*).

In recent years, courts have recognized the role that subjective patient complaints have in the diagnosis and treatment of certain conditions. For example, courts have generated much discussion over the role of subjective complaints in the diagnosis and treatment of Fibromyalgia. *See, e.g.*, *Rogers*, 486 F.3d at 248 (finding that the ALJ improperly discredited the plaintiff's subjective complaints of pain); *Canfield v. Comm'r of Soc. Sec.*, No. CIV.A.01-CV-73472-DT, 2002 WL 312235758, at *1 (Sept. 13, 2002, E.D. Mich.) ("It is . . . nonsensical to discount a fibromyalgia patient's subjective complaints on the grounds that the objective medical findings

are lacking."). This analysis has been extended in some cases to mental health concerns. *See, e.g.*, *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) (quoting *Poulin v. Bowen*, 817 F.2d 865, 873–74 (D.C. Cir. 1987) ("A psychiatric impairment is not as readily amendable to substantiation by objective laboratory testing as a medical impairment . . .")); *Flory v. Comm'r of Soc. Sec.*, 477 F. Supp. 3d 672, 678 (May 6, 2020, S.D. Ohio) (holding that discounting an expert's opinion because "she relied on subjective complaints," represents "a fundamentally flawed understanding of mental health impairments."). Subjective statements are pertinent to the diagnosis and treatment of mental health concerns.

The ALJ, however, did not discredit Dr. Meyer's opinions only because of his reliance on subjective complaints by Plaintiff. (ECF No. 16 at 24). "The report of a [mental health expert] should not be rejected simply because of the relative imprecision of the psychiatric methodology *. . . unless there are other reasons to question the diagnostic techniques*." *Blankenship*, 874 F.2d at 1121 (quoting *Poulin*, 817 F.2d at 873–74) (emphasis added). Here, such "other reasons" exist. *Id.* Beyond the subjectivity issue, the ALJ also discounted Dr. Meyer's opinions because they were "inconsistent[] with [Plaintiff's] mental health treatment records[.]" (ECF No. 16, at 24). For example, Dr. Meyer gave Plaintiff a Global Assessment of Functioning ("GAF") score of 60, indicating "moderate symptoms or moderate difficulty in social occupational, or school functioning[,]" while Plaintiff's treatment records "documented her mood [as] usually [being] pretty good[,]" and indicated that "she had a very good response to medication and treatment, with fairly unremarkable mental status examinations." (*Id.*). Plaintiff asserts that to the contrary, there is also evidence in the record suggesting that at times, Plaintiff's condition was much worse. (ECF No. 17 at 5). Under *Buxton*, however, "[t]he findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different

conclusion." *Buxton*, 246 F.3d at 772. Further, it is "for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses[.]" *Rogers*, 486 F.3d at 247. Plaintiff's Objection on this point is therefore **OVERRULED**.

### C. Plaintiff's Motion to Remand Based on Supplemental Authority

Before the R&R was issued, Plaintiff filed a Motion to Remand, relying on purported "new authority" from the Appeals Council in another social security case. (ECF No. 14). That order defines the term "superficial interaction,"[2] which was used by Dr. Lai and Dr. Dietz to describe Plaintiff's ability to interact with others. (ECF No. 16 at 22). The ALJ's decision states that the ALJ found these doctors to be less persuasive in part because they "used the undefined term "superficial" in explaining [Plaintiff's] limitations interacting with others." (*Id.* at 21 (quoting A.L.J. R. at 34–35)). The Magistrate Judge recommended the motion be denied, finding Plaintiff's motion unpersuasive for two reasons: (1) that Plaintiff misconstrued the ALJ's language; and (2) that the ALJ also had other, supported reasons for finding Drs. Lai and Dietz less credible. (*Id.* at 21–23, 28).

As previously described, it is the ALJ's task to evaluate credibility. *Rogers*, 486 F.3d at 247. Further, the Sixth Circuit has held that "harmless error analysis applies to credibility determinations in the social security disability context." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d

---

[2] In its order, the Appeals Council defined "superficial interaction" as:

> [A] term that is readily defined, understood and applicable to a work setting, as it speaks to the depth, kind, and quality of social interactions, and indicates that the claimant could not have sustained more than shallow or cursory interactions with others, i.e., coworkers, the general public, and/or supervisors. This term is distinguishable and distinct[] from 'occasional' which describes the frequency of interaction with others and how much interaction the claimant could tolerate on a sustained basis.

(Ex. 1, ECF No. 14-1, at 3–4). It is unclear from Plaintiff's filings whether the definition was new to the Appeals Council, or only new to Plaintiff's counsel. (ECF No. 14 at 2) ("[C]ounsel was not aware of any agency definition for 'superficial interaction.' That has changed.")

709, 714 (6th Cir. 2012) (affirming the denial of benefits in a social security case). Here, the "ambiguous" definition of "superficial" was only one reason for which the ALJ found Dr. Lai and Dr. Dietz less credible. Also, as previously discussed, the ALJ noted that these doctors' opinions were not consistent with Plaintiff's medical records and did not consider Plaintiff's more recent treatment. (ECF No. 16 at 22). Thus, even absent a clear definition of "superficial," to help guide the ALJ in how to interpret Dr. Lai's and Dr. Dietz's testimony, "substantial evidence" otherwise existed to support the ALJ's decision to discredit their testimony. *Big Branch Res., Inc v. Ogle*, 737 F.3d 1063, 1074 (6th Cir. 2013) ("Here, the [plaintiff] asks us to reweigh the evidence and substitute our judgement for that of the ALJ. We cannot do so. Even if we would have taken a different view of the evidence were we the trier of facts, we must affirm the ALJ's reasonable interpretation.") (internal quotations and citations omitted).

Plaintiff's Motion for Remand based on Supplemental Authority is therefore **DENIED**.

### IV.    CONCLUSION

Having independently reviewed the ALJ's findings and the administrative record, this Court concludes that the Commissioner's decision was supported by substantial evidence. Thus, the Commissioner's decision must stand. Accordingly, Plaintiff's Objections (ECF No. 17) to the Magistrate Judge's R&R are **OVERRULED**, the R&R (ECF No. 16) is **ACCEPTED**, the Commissioner's determination is **AFFIRMED**, and Plaintiff's Motion to Remand Based on Supplemental Authority (ECF No. 14) is **DENIED**. This case is **CLOSED**.

**IT IS SO ORDERED.**

**DATED:  March 13, 2023**            **ALGENON L. MARBLEY**
                                      **CHIEF UNITED STATES DISTRICT JUDGE**